James M. Wood (State Bar No. 58679)
Colleen T. Davies (State Bar No. 111371)
James M. Neudecker (State Bar No. 221657)
REED SMITH LLP
1999 Harrison Street
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   510.763.2000
Facsimile:    510.273.8832

Attorneys for Defendant Eli Lilly and Company, a corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN TEAGUE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ELI LILLY AND COMPANY and MCKESSON CORPORATION, <br><br> Defendants. | Case No. C 07 3324 <br><br> **DEFENDANT ELI LILLY AND COMPANY, A CORPORATION'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B) (DIVERSITY)** |

PLEASE TAKE NOTICE THAT Defendant Eli Lilly and Company, a corporation ("Lilly") hereby removes to this Court the state court action described below. Removal is warranted under 28 U.S.C. §1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §1332.

1.   On April 4, 2007, Plaintiffs Glenn Teague, et al. ("Plaintiffs") filed an action in the Superior Court of the State of California for the County of San Francisco, titled Glenn Teague, et al. v. Eli Lilly and Company and McKesson Corporation, et al., Case No. CGC 07-462030 ("the/this action"). A true and correct copy of the Complaint in the action is attached

- 1 -

1 as Exhibit "A". Plaintiffs filed a First Amended Complaint on May 30, 2007. A true and correct copy of the First Amended Complaint is attached as Exhibit "B".

2. On June 22, 2007, Lilly filed an Answer to the First Amended Complaint in the Superior Court of the State of California for the County of San Francisco. A true and correct copy of the Answer filed in this action is attached as Exhibit "C".

3. On June 22, 2007, defendant McKesson Corporation ("McKesson") filed an Answer to the Complaint in the Superior Court of the State of California for the County of San Francisco. A true and correct copy of the Answer filed in this action is attached as Exhibit "D".

4. No further proceedings have been had in the state court action.

5. This is one of many cases that have been filed in both federal and state court across the country involving the prescription drug Zyprexa®. On April 14, 2004, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order directing that then-pending Zyprexa®-related cases be transferred and coordinated for pretrial proceedings in the United States District Court for the Eastern District of New York, before the Honorable Jack B. Weinstein, pursuant to 28 U.S.C. §1407. *See* Transfer Order, *In re Zyprexa Products Liability Litigation*, MDL 1596 (E.D.N.Y) (a true and correct copy is attached as Exhibit "E"). Additional Zyprexa®-related cases pending in federal court, which are common to the actions previously transferred to the Eastern District of New York and assigned to Judge Weinstein, are treated as potential tag-along actions. Several hundred cases have been transferred as tag-along actions, some of which raise the issue of fraudulent joinder of a co-defendant. *See id.*; *see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001). Lilly intends to seek the transfer of this action to that Multidistrict Litigation, *In re Zyprexa Products Liability Litigation*, MDL 1596, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.

- 2 -

6. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441 because Lilly has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

## I. LILLY HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

8. Lilly was served with the original Complaint on May 24, 2007, and with the First Amended Complaint on June 18, 2007. McKesson was served with the original complaint on May 7, 2007. The date of service on a fraudulently-joined defendant – here, McKesson – is disregarded for removal purposes. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F. 3d 756, 762 (9th Cir. 2002). Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b).

9. No previous request has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiffs and a copy is being filed with the Clerk of the Court for the Superior Court of the State of California for the County of San Francisco.

11. All of the properly joined and served defendants consent to this removal. McKesson's consent is not required because it is fraudulently joined.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

- 3 -

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, where the only proper parties are citizens of different states.

**A.  There Is Complete Diversity of Citizenship Between The Proper Parties**

13. There is complete diversity between Plaintiffs and the only defendant to even arguably be a proper party to this action – Lilly.

14. Plaintiff Glenn Teague was and is a resident of San Francisco and a citizen of the State of California; Plaintiff Derwin Day was and is a resident of Rosemond and a citizen of the State of California; Plaintiff Phillip Baca was and is a resident of Los Angeles and a citizen of the State of California; Plaintiff Joseph Aguirre was and is a resident of San Bernadino and a citizen of the State of California; Plaintiff Donald Hale was and is a resident of Lancaster and citizen of the State of California; Plaintiff Lavonne Harris was and is a resident of Lancaster and a citizen of the State of California; Plaintiff Kirk Moore was and is a resident of Cyprus and citizen of the State of California; Plaintiff Randall Morton was and is a resident of Laguna Nigel and a citizen of the State of California; Plaintiff Edgardo Munoz was and is a resident of Paramount and a citizen of the State of California; Plaintiff Jerold Rekosh was and is a resident of Pacific Grove and a citizen of the State of California; Plaintiff Gale Simpson was and is a resident of Indio and a citizen of the State of California; Plaintiff Ruben Watnik was and is a resident of Los Angeles and a citizen of the State of California; Plaintiff Darci Wigderson was and is a resident of Fresno and a citizen of the State of California. *See* Exh. B, ¶2.A.—2.M.

15. Lilly is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana, and therefore, is a citizen of Indiana for purposes of determining diversity.

- 4 -

1   28 U.S.C. §1332(c)(1).

3   16.    For the reasons set forth below, the remaining named defendant – McKesson – is fraudulently joined. Therefore, its citizenship must be ignored for the purpose of determining the propriety of removal. *See McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant is fraudulently joined and the defendant's presence in the lawsuit is ignored for purposes of determining diversity where no viable cause of action has been stated against the resident defendant. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

**B.    The Amount In Controversy Requirement Is Satisfied**

17.    It is apparent on the face of the Complaint that Plaintiffs seek an amount in controversy in excess of $75,000, exclusive of costs and interest.

18.    Plaintiffs seek $10,000,000.00 in compensatory damages, as well as punitive and exemplary damages. *See* Exh. B, ¶88; *see also* Exh. B "Prayer for Relief". Punitive damages are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943). Given the allegations set forth above, the face of the Complaint makes clear that Plaintiffs seek in excess of $75,000, exclusive of interest and costs.

**III.   THE CITIZENSHIP OF MCKESSON MUST BE IGNORED BECAUSE IT IS FRAUDULENTLY JOINED AS THE COMPLAINT STATES NEITHER A FACTUAL NOR LEGAL BASIS FOR A CLAIM AGAINST IT**

19.    A defendant is fraudulently joined "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of

- 5 -
Defendants Eli Lilly And Company, A Corporation's Notice Of Removal Of Action Under 28 U.S.C. §1441(B)
(Diversity)

the state." *Morris*, 236 F.3d at 1067 (citations omitted). *Accord United Computer Sys.*, 298 F.3d at 761; *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, ("*In re PPA*"), MDL No. 1407, Docket No. C02-423R, Slip. Op. at 3 (W.D. Wash. Nov. 27, 2002) (a true and correct copy is attached as Exhibit "F") (denying plaintiffs' motion to remand after finding resident retailer fraudulently joined). The fraudulent joinder of McKesson is obvious under well-settled state law because (1) plaintiffs have failed to allege any factual basis for the claims asserted against McKesson and (2) there is no legal basis for the claims plaintiffs seek to bring against McKesson as pleaded.

20. McKesson is fraudulently joined because plaintiffs have failed to make any material allegations against it. *See, e.g., Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137, (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"). Here, plaintiffs never even specifically allege that they ingested Zyprexa® distributed by McKesson, compelling the conclusion that they fraudulently joined McKesson in an attempt to defeat diversity jurisdiction. *See, e.g., Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them). Plaintiffs cannot cure this deficiency by simply relying on allegations directed toward "Defendants" or Lilly alone. *See In re PPA*, MDL No. 1407, Slip Op. at 5 (Exh. "F" hereto) (allegations directed toward "defendants" or "all defendants" insufficient).

21. The crux of the Complaint is an alleged failure to adequately warn of alleged side effects associated with the use of Zyprexa®. There is no legal basis for the causes of action Plaintiffs assert against McKesson because the claims are based on an alleged failure to warn that is premised, for McKesson, on a non-existent duty to warn. Under California law, McKesson bears no duty to warn based on the "learned intermediary" doctrine. The "learned intermediary" doctrine, the foundation of prescription drug product liability law, provides that the

duty to warn about a drug's risks runs from the manufacturer to the physician (the "learned intermediary"), and then from the physician to the patient. *See Brown v. Superior Court (Abbott Labs.)*, 44 Cal. 3d 1049, 1061-1062, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.)*, 13 Cal. 4th 1104, 1116 (1996). It is the physician, and only the physician, who is charged with prescribing the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44 Cal.3d at 1061-62.

22. The rationale of the "learned intermediary" doctrine is that it is the physician who is in the best position to determine whether a patient should take a prescription drug and that imposing a duty on others to warn patients would threaten to undermine reliance on the physician's informed judgment. For this reason, courts have rejected imposing liability on distributors like McKesson for failure to warn of the risk of a prescribed drug. *See, e.g., Barlow v. Warner-Lambert Co.*, Case No. CV 03 1647 R (RZx), slip op. at 2 (C.D. Cal. April 28, 2003) (a true and correct copy is attached hereto as Exhibit "G") ("The Court finds that there is no possibility that plaintiffs could prove a cause of action against McKesson, an entity which distributed this FDA-approved medication [Rezulin] to pharmacists in California;" motion to remand denied); *Skinner v. Warner-Lambert Co.*, Case No. CV 03 1643-R (RZx), slip op. at 2 (C.D. Cal. April 28, 2003) (a true and correct copy is attached hereto as Exhibit "H") (same); *Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d 672, 680-81 (1985) (under the learned intermediary doctrine, retail pharmacies can have no general duty to warn consumers of effects of prescription drugs); *In re Baycol Prods. Litig.*, MDL No. 1431, Case No. 02-139, slip op. at 3-4 (D. Minn. May 24, 2002) (a true and correct copy is attached hereto as Exhibit "I") (retail distributor of prescription drugs fraudulently joined); *Schaerrer v. Stewart's Plaza Pharmacy*, 79 P.3d 922, 929 (Utah 2003) (a true and correct copy is attached hereto as Exhibit "J") (declining to extend duty to warn to retail distributor of prescription diet drug as long as [their] "ability to distribute prescription drugs is limited by the highly restricted FDA-regulated drug distribution system in this country . . .").

23.   Moreover, it is undisputed that through a collaborative process, Lilly and the FDA prepared the information to be included with the prescription drug, Zyprexa®, with the FDA having final approval of the information that could be presented.  Once the FDA has determined the form and content of the information, it is a violation of federal law to augment the FDA-approved warning.  *See* 21 U.S.C. § 331(k) (prohibiting drug manufacturers and distributors from causing the "alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling" of an FDA-approved drug held for sale); *Brown v. Superior Court,* 44 Cal. 3d 1049, 1069 n.12. (1988) (noting that the FDA regulates the testing, manufacturing, and marketing of drugs, including the content of their warning labels).  Thus, McKesson could not change the information it was given by Lilly as approved by the FDA without violating federal law.  No duty can be found where it requires a party to violate the law to fulfill it.

24.   Furthermore, the general allegation that McKesson knew of the alleged risks associated with the use of Zyprexa® are particularly deficient because the wholly conclusory claims are undermined and contradicted by the more specific allegations of Lilly's concealment and misrepresentation of the same information.  *See, e.g., In re PPA*, MDL 1407, Slip. Op. at 7 (Exh. "F" hereto) (allegations that "manufacturer defendants concealed material facts regarding PPA through product packaging, labeling, advertising, promotional campaigns and materials, and other methods . . . directly undermines and contradicts the idea that [the resident retail defendant] had knowledge or reason to know of alleged defects.").  The allegations of Lilly's purported concealment and misrepresentation of the alleged risks of Zyprexa® belie any inference that McKesson, a wholesale distributor, had knowledge of that which was allegedly concealed.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

25. WHEREFORE, Lilly respectfully removes this action from the Superior Court of the State of California for the County of San Francisco to this Court, pursuant to 28 U.S.C. §1441.

DATED: 6/25/07

REED SMITH LLP

By _____
James M. Wood
Colleen T. Davies
James M. Neudecker
Attorneys for Defendant
Eli Lilly and Company, a corporation

DOCSOAK-9876829.1